**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

UNITED STATES OF AMERICA,          :
                                   :
v.                                 :      CASE NO.: 7:23-CR-00017
                                   :
CHRISTOPHER E. BARNES,             :
                                   :
        Defendant.                 :
                                   :

## ORDER

The Court held a hearing on the United States Probation Office's Petition (Doc. 101) to revoke Defendant Christopher Barnes's supervised release. This Order memorializes that hearing. Previously, Barnes pleaded guilty to possession of a firearm by a convicted felon in violation of 18, United States Code §§ 922(g)(l) and 924(a)(2). The Petition alleges six violations of his supervised release. (Doc. 101 at 1-2).

At the hearing, Defense Counsel acknowledged that Barnes had been provided with a copy of the Petition for revocation and that Counsel had reviewed it with him. The Court advised Barnes of his rights to a hearing on the allegations, in which the Government would be required to prove the allegations by a preponderance of the evidence; to present evidence in his defense; and to testify in his defense. Barnes was also advised that he was not required to testify or present a defense and whether he would testify was his decision— all of which Barnes acknowledged he understood. The Court also confirmed from Barnes that he had received the Petition and the Revocation Report (Doc. 118) and reviewed them. Barnes stated that he had spoken to Counsel and wished to stipulate to Violations One, Two, Three, Four, Five, and Six. The Court also found that Barnes's waiver of a hearing on the Petition was freely, knowingly, and voluntarily done.

Because Barnes stipulated and admitted to Violations One, Two, Three, Four, Five, and Six as alleged, the Court found that the violations in the Petition had been established by a preponderance of the evidence.[1] Once the violations had been established, the Court

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release].'" *United States v. Dees*, 452 F. App'x 929, 931 (11th Cir. 2012)

heard from the Government, Defense Counsel, and Defendant Barnes. Neither Barnes nor the Government objected to the Revocation Report. The Court then declared Barnes's supervised release revoked.

The Court determined Barnes's U.S. Sentencing Guidelines range to be 7 to 13 months based on Grade C violations and a criminal history category of V. Considering the totality of circumstances and the 18 U.S.C. §§ 3553(a) and 3583(e) factors, the Court sentenced Barnes to a term of imprisonment of ten months. The Court found this sentence appropriate to reflect the seriousness of Barnes's conduct and to protect the public. Barnes's imprisonment shall be followed by a term of supervised release of two years.

For these reasons, the Petition (Doc. 101) is **GRANTED**, and Barnes's supervised release is **REVOKED**. Defendant is sentenced to a term of imprisonment of ten months. After his release, he will have a term of supervised release of two years.

**SO ORDERED**, this 16th day of March 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

(quoting *United States v. Copeland*, 20 F.3d 412, 414 (11th Cir. 1994)). "This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *Id.* (citations omitted).